**WO**                                                                         MDR

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jimmy M. Mewbourn, | No. CV 12-1341-PHX-GMS (JFM) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

On June 22, 2012, Plaintiff Jimmy M. Mewbourn, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a July 9, 2012 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On July 19, 2012, Plaintiff filed his First Amended Complaint (Doc. 7). The Court will dismiss the First Amended Complaint with leave to amend.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

JDDL-K

1   be granted, or that seek monetary relief from a defendant who is immune from such relief.
2   28 U.S.C. § 1915A(b)(1), (2).

3       A pleading must contain a "short and plain statement of the claim *showing* that the
4   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not
5   demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
6   unlawfully-harmed-me accusation."   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
7   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
8   statements, do not suffice."  Id.

9       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
10  claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly,
11  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content
12  that allows the court to draw the reasonable inference that the defendant is liable for the
13  misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for
14  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
15  experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual
16  allegations may be consistent with a constitutional claim, a court must assess whether there
17  are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

18      But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
19  must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th
20  Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards
21  than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89,
22  94 (2007) (*per curiam*)).

23      If the Court determines that a pleading could be cured by the allegation of other facts,
24  a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the
25  action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court
26  should not, however, advise the litigant how to cure the defects.  This type of advice "would
27  undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225,
28  231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was

1   required to inform a litigant of deficiencies).  The Court will dismiss Plaintiff's First

2   Amended Complaint for failure to state a claim, but because the First Amended Complaint

3   may possibly be saved by amendment, will dismiss the First Amended Complaint with leave

4   to amend.

5   **II.    First Amended Complaint**

6        In his three-count First Amended Complaint, Plaintiff sues the following Defendants:

7   Sheriff Joseph M. Arpaio and John Doe Medical Staff.

8        In Counts One and Two, Plaintiff alleges that he was subjected to cruel and unusual

9   punishment in violation of the Eighth Amendment.  In Count One, he claims that detention

10  officers "physically assaulted" him.  In Count Two, he contends that when he told detention

11  officers that he needed medical attention because he could not breathe, detention officers

12  "made a comment directed at [Plaintiff] that his continued grieving against them was

13  humorous and that the more he kept bothering him about it the longer they were going to take

14  to call medical."

15       In Count Three, Plaintiff alleges that he was denied his Fourteenth Amendment right

16  to equal protection.  He claims that he has been repeatedly denied medication and medical

17  treatment by "Correctional Health Services doctors & staff."  Plaintiff asserts that he suffers

18  from emphysema and has been refused medications and treatments prescribed by his doctor.

19       In his Request for Relief, Plaintiff seeks monetary damages.

20  **III.    Failure to State a Claim**

21       Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519,

22  520-21 (1972), conclusory and vague allegations will not support a cause of action.  Ivey v.

23  Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  Further,

24  a liberal interpretation of a civil rights complaint may not supply essential elements of the

25  claim that were not initially pled.  Id.

26       To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific

27  injury as a result of specific conduct of a defendant and show an affirmative link between the

28  injury and the conduct of that defendant.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377

1   (1976).  There is no *respondeat superior* liability under § 1983, and therefore, a defendant's
2   position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights
3   does not impose liability.  <u>Monell v. New York City Department of Social Services</u>, 436 U.S.
4   658, 691-92 (1978); <u>Hamilton v. Endell</u>, 981 F.2d 1062, 1067 (9th Cir. 1992); <u>Taylor v. List</u>,
5   880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to <u>Bivens</u>
6   and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the
7   official's own individual actions, has violated the Constitution."  <u>Iqbal</u>, 129 S. Ct. at 1948.

8       Plaintiff has not alleged that Defendant Arpaio personally participated in a deprivation
9   of Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed
10  policies that resulted in Plaintiff's injuries.

11      Moreover, Plaintiff's allegations in the First Amended Complaint do not relate to the
12  conduct of any named defendant.  To the extent Plaintiff is referring to Defendant Doe in
13  Count Three when he alleges that Correctional Health Services doctors and staff have denied
14  him medication and medical treatment, his allegations are too vague and conclusory to state
15  a claim against any specific individual.  Conclusory allegations that a group of Defendants
16  have violated a constitutional right are insufficient.[1]

17      Therefore, the Court will dismiss without prejudice Defendants Arpaio and Doe and
18  the First Amended Complaint.

19  **IV.     Leave to Amend**

20      For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for
21  failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may
22  submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of
23  Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.

24

25

26  _____

27      [1]Moreover, Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff
    to include the names of the parties in the action.  As a practical matter, it is impossible in
28  most instances for the United States Marshal or his designee to serve a summons and
    complaint on an unidentified defendant.

JDDL-K                                         - 4 -

1   If Plaintiff fails to use the court-approved form, the Court may strike the second amended

2   complaint and dismiss this action without further notice to Plaintiff.

3        Plaintiff must clearly designate on the face of the document that it is the "Second

4   Amended Complaint."  The second amended complaint must be retyped or rewritten in its

5   entirety on the court-approved form and may not incorporate any part of the original

6   Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim

7   per count.

8        If Plaintiff files an amended complaint, Plaintiff must write short, plain statements

9   telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) **the name of**

10  **the Defendant who violated the right**; (3) exactly what that Defendant did or failed to do;

11  (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's

12  constitutional right; and (5) what specific injury Plaintiff suffered because of that

13  Defendant's conduct.  See Rizzo, 423 U.S. at 371-72, 377.

14       Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff

15  fails to affirmatively link the conduct of each named Defendant with the specific injury

16  suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to

17  state a claim.  **Conclusory allegations that a Defendant or group of Defendants have**

18  **violated a constitutional right are not acceptable and will be dismissed**.

19       If Plaintiff files an amended complaint, he should take note that the Fourteenth

20  Amendment Due Process clause, not the Eighth Amendment, protects pretrial detainees from

21  excessive force that amounts to punishment.  Gibson v. County of Washoe, 290 F.3d 1175,

22  1197 (9th Cir. 2002).  "[T]he Fourth Amendment sets the 'applicable constitutional

23  limitations' for considering claims of excessive force during pretrial detention."  Id. (quoting

24  Pierce v. Multnomah County, 76 F.3d 1032, 1043 (9th Cir. 1996).

25       The Fourth Amendment does not prohibit the use of reasonable force.  Tatum v. City

26  & County of San Francisco, 441 F.3d 1090, 1095 (9th Cir. 2006).  Whether the force was

27  excessive depends on "whether the officers' actions [were] 'objectively reasonable' in light

28  of the facts and circumstances confronting them, without regard to their underlying intent or

1  motivation." Graham v. Connor, 490 U.S. 386, 397 (1989); Tatum, 441 F.3d at 1095; Lolli

2  v. County of Orange, 351 F.3d 410, 415 (9th Cir. 2003).  The Court must balance the nature

3  and quality of the intrusion against the countervailing governmental interests at stake.

4  Graham, 490 U.S. at 396; Lolli, 351 F.3d at 415.  Moreover,

5  
6  
7  

> [t]he "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.  . . . . "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment.

8  Graham, 490 U.S. at 396 (citations omitted).

9      Plaintiff should also take note that a viable claim of First Amendment retaliation

10  contains five basic elements: (1) an assertion that a state actor took some adverse action

11  against an inmate (2) because of (3) that prisoner's protected conduct, and that such action

12  (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered

13  more than minimal harm) and (5) did not reasonably advance a legitimate correctional goal.

14  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); see also Hines v. Gomez, 108

15  F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an inmate to show (1) that the

16  prison official acted in retaliation for the exercise of a constitutionally protected right, and

17  (2) that the action "advanced no legitimate penological interest").  The plaintiff has the

18  burden of demonstrating that his exercise of his First Amendment rights was a substantial or

19  motivating factor behind the defendants' conduct.  Mt. Healthy City School Dist. Bd. of

20  Educ. v. Doyle, 429 U.S. 274, 287 (1977); Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310,

21  1314 (9th Cir. 1989).

22      In addition, Plaintiff should take note that not every claim by a prisoner relating to

23  inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment.  To

24  state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate

25  indifference to serious medical needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)

26  (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976).  A plaintiff must show (1) a "serious

27  medical need" by demonstrating that failure to treat the condition could result in further

28  

JDDL-K                                             - 6 -

1  significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's

2  response was deliberately indifferent.  Jett, 439 F.3d at 1096 (quotations omitted).

3      "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051,

4  1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know

5  of and disregard an excessive risk to inmate health; "the official must both be aware of facts

6  from which the inference could be drawn that a substantial risk of serious harm exists, and

7  he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Deliberate

8  indifference in the medical context may be shown by a purposeful act or failure to respond

9  to a prisoner's pain or possible medical need and harm caused by the indifference.  Jett, 439

10  F.3d at 1096.  Deliberate indifference may also be shown when a prison official intentionally

11  denies, delays, or interferes with medical treatment or by the way prison doctors respond to

12  the prisoner's medical needs.  Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

13      Deliberate indifference is a higher standard than negligence or lack of ordinary due

14  care for the prisoner's safety.  Farmer, 511 U.S. at 835.  "Neither negligence nor gross

15  negligence will constitute deliberate indifference."  Clement v. California Dep't of

16  Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter

17  Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or

18  "medical malpractice" do not support a claim under § 1983).  "A difference of opinion does

19  not amount to deliberate indifference to [a plaintiff's] serious medical needs."  Sanchez v.

20  Vild, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care, without more, is

21  insufficient to state a claim against prison officials for deliberate indifference.  See Shapley

22  v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  The indifference

23  must be substantial.  The action must rise to a level of "unnecessary and wanton infliction

24  of pain."  Estelle, 429 U.S. at 105.

25      A second amended complaint supersedes the original Complaint and First Amended

26  Complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v.

27  Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will

28  treat the original Complaint and First Amended Complaint as nonexistent.  Ferdik, 963 F.2d

at 1262.  Any cause of action that was raised in the original Complaint or First Amended complaint is waived if it is not raised in a second amended complaint.  <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

**V.     Warnings**

> **A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

> **B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

> **C.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u> LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

> **D.     Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second  amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    The First Amended Complaint (Doc. 7) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)    If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(3)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 21st day of August, 2012.

G. Murray Snow
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>              Attorney for Defendant(s)
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**


# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| _____ ,<br>(Full Name of Plaintiff)   Plaintiff,<br><br>vs.<br><br>(1) _____ ,<br>(Full Name of Defendant)<br>(2) _____ ,<br><br>(3) _____ ,<br><br>(4) _____ ,<br>Defendant(s).<br>☐ Check if there are additional Defendants and attach page 1-A listing them. | )<br>)<br>)<br>)<br>)  **CASE NO.** _____<br>)       **(To be supplied by the Clerk)**<br>)<br>)<br>)<br>)  **CIVIL RIGHTS COMPLAINT**<br>)     **BY A PRISONER**<br>)<br>)  ☐ Original Complaint<br>)  ☐ First Amended Complaint<br>)  ☐ Second Amended Complaint<br>) |

## A.  JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    - ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    - ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
    - ☐ Other: _____.

2.  Institution/city where violation occurred: _____.

Revised 3/9/07          1                            **550/555**

**B.  DEFENDANTS**

1.  Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
    <span>(Position and Title)</span>                                                      <span>(Institution)</span>

2.  Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
    <span>(Position and Title)</span>                                                      <span>(Institution)</span>

3.  Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
    <span>(Position and Title)</span>                                                      <span>(Institution)</span>

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
    <span>(Position and Title)</span>                                                      <span>(Institution)</span>

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

**C.  PREVIOUS LAWSUITS**

1.  Have you filed any other lawsuits while you were a prisoner?      ☐ Yes      ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.    **Administrative Remedies:**
     a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                          ☐ Yes    ☐ No
     b.    Did you submit a request for administrative relief on Count I?               ☐ Yes    ☐ No
     c.    Did you appeal your request for relief on Count I to the highest level?      ☐ Yes    ☐ No
     d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____ .

2.   **Count II.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
  ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
  ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
  ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____ .

3.   **Supporting Facts.** State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.   **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____ .

5.   **Administrative Remedies.**
  a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                    ☐ Yes     ☐ No
  b.   Did you submit a request for administrative relief on Count II?          ☐ Yes     ☐ No
  c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes     ☐ No
  d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____ .

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
        at your institution?                                                    ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count III?          ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level? ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
        you did not. _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                           DATE                                                      SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.